SHERK ET AL., APPELLEES, *v.* KELLY ET AL., APPELLANTS.

(No. 319—Decided June 12, 1961.)

*Messrs. Thierry & Morton,* for appellees.

*Mr. William A. Finn* and *Mr. Thomas J. Manahan,* for appellants.

FESS, J. This is an appeal on questions of law from a judgment of the Port Clinton Municipal Court, in the sum of $783.50, upon a supplemental petition against the appellant Wolverine Insurance Company. Upon the original petition filed by the appellees, judgment in the sum of $783.50 plus costs was taken by default on June 29, 1959, against the appellant Bonnie Kelly, a nonresident of Ohio. At the trial upon the supplemental petition, it was stipulated that the appellant insurance company had issued its standard garage liability policy insuring Genoa Motors, Inc., against claims for property damage arising out of the operation of its motor vehicles; that such policy was in full force and effect on May 21, 1958, the date of the collision between the automobile driven by Kelly and the automobile of appellee Sherk; and that the policy contained the following provision:

"III. Definition of insured with respect to insurance under coverages—B—the unqualified word 'insured' includes—(2) any person while using an automobile covered by this policy, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission."

It was further stipulated as follows:

1. That Genoa Motors, Inc., took title to the motor vehicle in question on November 20, 1957.

2. That on May 20, 1958, Genoa Motors, Inc., sold the automobile and assigned its certificate of title to one Walter Parsons, who paid the purchase price and executed and signed an application for a certificate of title to such vehicle.

3. That on May 21, 1958, Bonnie Kelly, while driving the automobile, collided with the automobile owned by Sherk.

4. That on May 23, 1958, a certificate of title for such automobile was issued to the aforesaid Walter Parsons.

The record is devoid of any explanation as to how Bonnie Kelly happened to be driving the automobile at the time of the accident.

The vice-president and sales manager of Genoa Motors, Inc., positively testified that Bonnie Kelly was not given permission by Genoa Motors, Inc., to drive the automobile, and that she was not present at the time the car was delivered to Parsons.

Notwithstanding that title and ownership of the vehicle in question remained in the named insured, Genoa Motors, Inc., until legally transferred to Parsons on May 23, in the absence of any evidence from which it could be inferred that at the time of the collision Bonnie Kelly was driving the automobile with permission of the named insured, Genoa Motors, Inc., no liability on the part of the insurer is disclosed.

The judgment is reversed and the cause remanded to the Port Clinton Municipal Court with directions to enter final judgment for the Wolverine Insurance Company, together with costs in the Municipal Court and this court.

*Judgment reversed.*

SMITH and DEEDS, JJ., concur.